NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAN JOAQUIN COUNTY EMPLOYEES'
RETIREMENT ASSOCIATION,

Plaintiff-Appellant,

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendant-Appellee.

No. 20-15053

D.C. No.
2:18-cv-02042-JAM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 2, 2021
San Francisco, California

Before: BALDOCK,[**] WARDLAW, and BERZON, Circuit Judges.

San Joaquin County Employees' Retirement Association ("SJCERA")

appeals the district court's order granting summary judgment to Travelers Casualty

and Surety Company of America ("Travelers") on SJCERA's claims for breach of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

contract, breach of good faith and fair dealing, and declaratory relief. SJCERA's claims arise out of Travelers' denial of coverage under the duty-to-defend clause in SCJERA's fiduciary liability insurance policy. We reverse.

1. The policy's Prior and Pending Proceeding Exclusion does not preclude coverage of SJCERA's defense in the underlying case, *Allum v. San Joaquin Cty. Employees' Ret. Ass'n*, No. STK-CV-UBC-2017-10696 (Cal. Super. Ct. filed Oct. 13, 2017) ("*Allum* Litigation"). The exclusion reads as follows: "[Travelers] will not be liable for Loss for any Claim based upon or arising out of any fact, circumstance, situation, event or Wrongful Act underlying or alleged in any prior or pending civil, criminal, administrative or regulatory proceeding against [SJCERA]." The district court determined that the *Allum* Litigation arose out of and "has at least a slight connection with the allegations" in a 1998 lawsuit involving SJCERA and its members.

We disagree. Travelers focuses on the phrase "arising out of," and insists that the phrase must be read broadly to preclude coverage. Regardless of how broadly we read "arising out of," however, a claim is not precluded by the Prior and Pending Proceeding Exclusion unless it arises out of some "fact, circumstance, situation, event or Wrongful Act underlying or alleged in a prior proceeding." In the 1998 lawsuit, SJCERA members asserted that the California Supreme Court's holding in *Ventura Cty. Deputy Sheriffs' Ass'n v. Bd. of Ret.*, 16 Cal. 4th 483

(1997), applied retroactively to require certain compensation—like vacation pay and sick-leave pay—to qualify as "compensation earnable" for purposes of calculating retirement benefits. The 1998 action resulted in a settlement agreement in 2001 that addressed neither *Ventura*'s retroactivity nor the inclusion of vacation and sick-leave pay in calculating retirement benefits. Instead, SJCERA established a supplemental reserve fund to provide retirees with new supplemental benefits based on agreed-upon formulas.

In the *Allum* Litigation, the plaintiffs claimed that SJCERA failed to allocate sufficient funds to the supplemental reserves created by the 2001 settlement agreement and improperly suspended the supplemental benefits. The *Allum* Litigation did not concern the retroactivity issues or qualifying compensation circumstances underlying and alleged in the 1998 suit. The "fact[s], circumstance[s], situation[s], event[s] or Wrongful Act[s]" the *Allum* Litigation is "based upon or aris[es] out of" concern the terms of the 2001 agreement and their implementation, nothing more. Notably, the facts and circumstances that gave rise to the *Allum* Litigation could not have underlain or been alleged in the 1998 action, because the supplemental benefits did not exist in 1998. The supplemental benefits, and their related funding requirements, were not created until 2001. The district court therefore erred in granting summary judgment to Travelers on the basis of the Prior and Pending Proceeding Exclusion.

2. Travelers asks us to affirm the grant of summary judgment on an alternative basis—that a separate exclusion, the Inadequate Funding Exclusion, independently precludes coverage. The exclusion reads as follows: "[Travelers] will not be liable for Loss for any Claim based upon or arising out of . . . the inadequate funding of the Benefit Plan." Travelers argues that the *Allum* Litigation alleged there were insufficient funds in the reserves established by the 2001 settlement agreement and so comes within the exclusion.

We reject Travelers' argument. The policy defines "Benefit Plan" to mean SJCERA as a whole, not the individual reserves or accounts within the general fund. As the district court reasoned, the *Allum* Litigation plaintiffs alleged that SJCERA "mismanaged and misallocated" funds in the reserve established by the 2001 settlement agreement, not that SCJERA's entire system was inadequately funded. In fact, the Second Amended Complaint from the *Allum* Litigation explicitly states that SJCERA had sufficient "funds to continue to pay the benefit." The Inadequate Funding Exclusion therefore does not apply here.

3. SJCERA waived any challenge to the district court's alternative rulings on SJCERA's bad faith claim and entitlement to punitive damages, and those issues therefore will not be open on remand. *See United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013).

**REVERSED AND REMANDED.**